UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND and
BUILDING SERVICE 32BJ SUPPLEMENTAL
RETIREMENT AND SAVINGS FUND,

                                      COMPLAINT

                            Plaintiff,

          -against-


ATLAS HEALTH CARE LINEN SERVICES CO., LLC d/b/a
ATLAS HEALTH CARE LINEN SERVICES OF
PITTSBURGH, PA,

                            Defendant.
-----------------------------------------------------------------------------X

Building Service 32BJ Health Fund ("Health Fund") and Building Service 32BJ Supplemental Retirement and Savings  Fund (" SRSP Fund"), jointly referred to herein as the "Funds", as and for their Complaint against Atlas Health Care Linen Services Co., LLC d/b/a Atlas Health Care Linen Services of Pittsburgh, PA, ("Defendant"), respectfully allege as follows:

## NATURE OF ACTION

1.    This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C.  § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee health fund and an employee savings fund for injunctive and other equitable relief under ERISA to secure performance by an employer of specific statutory and contractual obligations to report, pay and/or submit the required monetary contributions by electronic transfer.  This Complaint alleges that by failing, refusing or neglecting to electronically report, pay and submit the required monetary contributions and/or reports to the Fund when due, Defendant violated its collective bargaining agreement, the trust agreements of the Funds, the rules and regulations of the Funds and ERISA.

## JURISDICTION

2.    Jurisdiction of this Court is invoked under the following statutes:

> (a)    Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);
>
> (b)    Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);
>
> (c)    28 U.S.C. Section 1331 (federal question); and
>
> (d)    28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3.    Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)).

## PARTIES

4.    The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)).  The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and  multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145.  The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)).  The purpose of the Funds is, inter alia, to receive contributions from employers who are parties to collective bargaining agreements with, inter alia, Local 141 of the Pennsylvania Joint Board of Workers United, SEIU ("Union"), to invest and maintain those monies, and to distribute annuity benefits to those employees eligible to receive them. The Funds maintains their offices and are administered at 25 West 18th Street, New York, New York 10010, in the City, County, and State of New York.

5.    The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29

U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)).

6. Upon information and belief, at all times material hereto Defendant was, and continues to be, a for-profit Delaware limited liability company, registered to do business in the States of Pennsylvania and New York owning and operating a commercial business having a principal place of business at 60 Grider Street, Buffalo, Erie County, State of New York 14215, and doing business as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7. The Agreement requires the Defendant to make periodic contributions to the Funds to cover Defendant's employees with health and savings benefits.  With regard to the contributions payable to the Health Fund, the Agreement provided in relevant part:

> The Employer [Defendant] hereby adopts and shall be bound by the Agreement and Declaration of Trust as it may be amended and the rules and regulations adopted or hereafter adopted by the Trustees in connection with the provision and administration of benefits and the collection of contributions.

With regard to the SRSP Fund, the Agreement provides in relevant part:

> By agreeing to make the required payments into the [SRSP] Fund, the Employer [Defendant] hereby adopts and shall be bound by the Agreement and Declaration of Trust as it may be amended and the rules and regulations adopted or hereafter adopted by the Trustees of the [SRSP] Fund in connection with the provision and administration of benefits and the collection of contributions.  The Trustees of the Fund shall make such amendments to the Trust Agreement, and shall adopt such regulations as may be required to conform to applicable law.

8. The Agreements and Declaration of Trust ("Trust Agreement") of the Health Fund provides,  in pertinent part:

> A)   ARTICLE III:
> CONTRIBUTING EMPLOYERS
> Industry Employers.
> A) Any employer who as of the date of this Agreement is obligated by a Collective Bargaining Agreement to make contributions to the Health Fund, or to a predecessor trust fund that has been merged into it, shall

become a contributing Employer to the Trust Fund on the date of this Agreement and shall be bound by the terms of this Trust Agreement.

(b) Any other employer who subsequently becomes a party to a Collective Bargaining Agreement which obligates that employer to contribute to the Trust Fund shall also become a contributing Employer and shall be bound by the terms of this Trust Agreement.

B)     ARTICLE V
       POWERS OF THE TRUSTEES
       Administrative Powers. The Trustees shall have all the general and incidental powers necessary or appropriate to the proper administration of the Plan and the Trust Fund, provided that the Trustees shall have no authority to change the rate of Employer Contributions prescribed in any Collective Bargaining Agreement or Participation Agreement, except as Article V, Section 10 provides. Included within such Trustee powers but not by way of limitation, shall be the power: ...

       (g) To make, amend, modify or repeal rules and regulations which the Trustees, in their sole discretion, deem necessary or proper for administering the Plan or carrying out the provisions of this Trust Agreement; ....

C)     ARTICLE V
       POWERS OF THE TRUSTEES
       Section 3.
       General Powers. The Trustees shall also have the power to do all acts, whether or not expressly authorized herein, which they deem necessary or proper for the protection of the Trust Fund or for carrying out the purposes of this Agreement or for accomplishing the general objectives of the Plan....

       (g) To make, amend, modify or repeal rules and regulations which the Trustees, in their sole discretion, deem necessary or proper for administering the Plan or carrying out the provisions of this Trust Agreement;

D)     ARTICLE VIII
       OBLIGATIONS OF EMPLOYERS
       Section 1. Acceptance of Trust Agreement. Each Employer, upon the signing of a Collective Bargaining Agreement or Participation Agreement, or upon remitting contributions to the Trust Fund, shall be deemed thereby to have agreed to all provisions of this Trust Agreement, to such amendments thereto as the Trustees may adopt pursuant to Article IX, and to all rules and regulations established by the Trustees...

       Section 4. Reports to Trustees. Each Employer shall make such reports

> to the Fund as maybe required by the Trustees for the proper administration of the Plan and Trust Fund....

The Agreement and Declaration of Trust of the SRSP Fund contains similar language.

9.  Pursuant to the authority vested in them under the Trust Agreements, the Trustees of the Funds promulgated a rule and regulation that effective January 1, 2015, all contributing employers, including Defendant, would be required to register with the Funds' electronic reporting and remittance system ("ESS"), and henceforth provide the Funds with the required employee update information, including numbers of hours worked, and payment through ESS.

10. Prior to January 1, 2015 participation in  ESS was voluntary, with employers having the option to participate or to continue remitting reports and payment by paper transaction (to wit, payment by check).

11. Since January 1, 2015 payment and participation in ESS became mandatory.

12. As of January 1, 2015 the Fund has closed down its department responsible for paper transactions and no longer processes payments through a paper system.

13. At various times prior to January 1, 2015, Defendant had been contacted by the Funds to register with and participate in ESS and to comply with the electronic filing rules and regulations.

14. Although the Defendant has registered with ESS, Defendant continues to fail and refuse to electronically provide employee work hours to the SRSP Fund and has therefore not made any contributions to the SRSP Fund, or to pay all of its contributions to the Health Fund electronically.

15. The Defendant's continued refusal to comply with the Funds' rules and regulation can result in the employees being denied fringe benefits including health insurance coverage and timely contributions to their annuity benefits.

## AS AND FOR A FIRST CAUSE OF ACTION

16. The Funds repeat each and every allegation set forth above in paragraphs 1 through 15 as if fully set forth hereat.

17.   Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or submit the required monetary contributions and/or reports to the Funds when due.  Such failure to make payment or timely payment and/or submit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

18.   Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to the plaintiff, the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Fund's plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

19.   Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and Defendant is further liable for the additional amount of statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, liquidated damages, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

AS AND FOR A SECOND CAUSE OF ACTION

20.   The Funds repeat each and every allegation set forth above in paragraphs 1 through 19 as if fully set forth hereat.

21.   The Agreement requires the Defendant to contribute to the SRSP Fund the sum of twenty cents per hour effective September 1, 2013 and the sum of forty cents per hour effective September 1, 2014, for each hour of pay (including each hour of vacation pay), received by each employee covered by the Agreement.

22.   To date, the Defendant has failed and refused, and it continues to fail and refuse, to make any contributions to the SRSP Fund as required by the Agreement.

21.   The Fund seeks preliminary and permanent injunctive relief of the Court ordering and directing the

Defendant to comply with its Agreement with the Union and to immediately comply the Funds' ESS rules and regulations, specifically as applied to the SRSP Fund, requiring the Defendant to electronically report the hours of work of each bargaining unit employee, and then remit the employee status information and the corresponding payment due to the SRSP Fund, plus accrued interest on the late payments, both to be paid electronically.

WHEREFORE, the Funds respectfully prays that judgment be entered, in favor of the Funds and against Defendant, directing Defendant to comply with the Funds' rules and regulations by henceforth providing employee status information, including hours of work, per pay period, number of hours worked, and by contributing to the Fund through ESS, including ESS calculated interest, for as long as the Defendant is obligated to contribute to the Funds, that the Funds be awarded statutory liquidated damages in an amount equal to 20% of the non-paid principal owed to the Funds, that the Funds be awarded reasonable attorney's fees and costs and disbursements incurred in bringing this action and that the Funds be granted such other and further relief as the Court deems just and proper, including relief under ERISA of attorney's fees, costs and disbursements.

Dated:  New York, New York
        September 14, 2016

                                         RAAB, STURM & GANCHROW, LLP

By: _____
                           Ira A. Sturm (IS-2042)
                           *Attorneys for Plaintiff Fund*
                           2125 Center Avenue, Suite 100
                           Fort Lee, new Jersey 07024
                           201-292-0150
                           Fax: 201;292-0152
                           Email: isturm@rsgllp.com